BARBARA A. LAWLESS - Bar # 53195
SONYA L. SMALLETTS - Bar # 226190
LAWLESS & LAWLESS
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 391-7555

Attorneys for Plaintiff
STEVEN L. DURAND

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

(Unlimited Jurisdiction)

| | |
|---|---|
| STEVEN L. DURAND,<br><br>Plaintiff,<br><br>vs.<br><br>SSA TERMINALS, LLC, KEVIN MEHLBERG and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | No. RG04141330<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MIL NO. 15 TO PRECLUDE REFERENCE TO, EVIDENCE OF, OR ARGUMENT REGARDING SELF-INSURANCE<br><br>Trial: June 23, 2006<br>Time: 8:45 a.m.<br>Dept.: 1<br><br>Complaint filed: February 17, 2004 |

In this lawsuit, plaintiff Steven Durand asserts inter alia that defendant SSAT terminated him because of his age and his disability. During discovery, plaintiff learned that defendant SSAT is self-insured with respect to health insurance.[1] At trial, plaintiff intends to argue that the fact that defendant SSAT is self-

[1] Defendants' economic expert, Kirk Blackerby, testified that defendant SSAT was self-insured with respect to medical insurance. More specifically, Mr. Blackerby testified as follows:

insured with respect to health insurance supports plaintiff's contention that defendant SSAT terminated him because of his age and disability, in that it gave defendant SSAT a financial incentive to replaced older and disabled workers with younger and non-disabled workers.

Defendants now seek to preclude plaintiff from offering evidence of the fact that it is self-insured with respect to health insurance. In support of their motion, defendants rely upon Evidence Code section

---

Q Was the medical insurance that Mr. Durand had at SSAT Kaiser?
A No.
Q What was it?
A It was a self-insured plan basically, so it wasn't a commercially available plan.

Declaration of Sonya Smallets in Support of Plaintiff's Opposition to Defendants' MIL No. 15, Exhibit A (Deposition of Kirk Blackerby 12:11-16).

Q Do you know if SSAT is self-insured and the medical benefits are administered by Centra?
A The company plan is administered by Centra and they are self-insured is my understanding. You also have a Health Net HMO option.
Q Do you know if Mr. Durand was in the self-insured company plan?
A I believe he was.
Q And do you know -- could you describe for me what it means for a company to be self-insured?
. . .
A Basically, they cover the costs subject to the limitations of their coverage in the documents that they write up and they don't pay another firm a flat rate to cover that. They cover whatever those costs happen to be.
Q So if an employee has continuing medical costs, the company will have a continuing obligation to pay them as long as the employee is on the payroll?
A No, it doesn't mean that. They have, just like a regular HMO, they have limitations on their coverage, what they cover and what they don't cover, so there would be various forms with limitations with regard to percentages and there would be an extensive document regarding the amount of coverage. All this means is that although they are using an outside administrator, they are not, in effect, buying insurance from an outside firm when you're self-employed.
Q Does it mean that instead of paying premiums every month, they pay the actual costs of the treatment through their administrator?
A Essentially, yes.

Smallets Decl., Ex. A (Deposition of Kirk Blackerby 71:22-73:8).

1155, which provides that:

> Evidence that a person was, at the time harm was suffered by another, insured wholly or partially against loss arising from liability for that harm is inadmissible for proof of negligence or other wrongdoing.

Cal. Evid. Code § 1155. However, Evidence Code section 1155 is, by its very terms, inapplicable to the question presented here. Evidence Code section 1155 precludes the introduction of evidence that a defendant is insured against liability for the claims at issue in the litigation; it does not address the admissibility of evidence regarding other types of insurance. See Garfield v. Russell (1967) 251 Cal. App. 2d 275, 279 n.3 ("Section 1155 of the Evidence Code only applies to liability insurance.") Thus, Evidence Code section 1155 does not preclude plaintiff from introducing evidence that defendant SSAT was self-insured with respect to health insurance.

Moreover, even if the Court were to conclude that Evidence Code section 1155 is applicable to the introduction of evidence of insurance other than liability insurance, it has long been recognized that "facts tending to show interest, bias or motive on the part of a witness may always be brought out on cross-examination even though it may thereby be disclosed that the defendant was protected by insurance." Brainard v. Cotner (1976) 59 Cal. App. 3d 790, 795 n.2; Hart v. Wielt (1970) 4 Cal. App. 3d 224, 231. It is precisely for this purpose, namely establishing defendant SSAT's motive, that plaintiff seeks to offer testimony as to defendant SSAT's self-insurance.

Defendants further contend that plaintiff should be precluded from introducing evidence that defendant SSAT is self-insured with respect to health insurance as more prejudicial than probative within the meaning of Evidence Code section 352. However, the purpose of Evidence Code section 1155 is to prevent a jury from awarding a verdict that is larger than the verdict that it would have otherwise awarded out of a belief that an insurance company is better able to pay a large verdict. See Stevenson v. Link (1954) 128 Cal. App. 2d 564, 571. This type of prejudice is not at issue here. Here, the only prejudicial inference that the jury could draw from the evidence that plaintiff seeks to introduce, and the prejudicial inference upon which defendants are apparently relying, is an inference that defendant SSAT was motivated

to discriminate against elderly or disabled employees in order to minimize its costs. However, this is not an inappropriate or prejudicial inference for the jury to draw. At issue in the case is precisely whether or not defendants discriminated against plaintiff because of his age and disability. The purpose of Evidence Code section 352 is to preclude the introduction of evidence that has no purpose other than creating an emotional bias against a party; its purpose is not to preclude the introduction of damaging evidence. Plaintiff should not be precluded from introducing evidence that defendant SSAT is self-insured with respect to health insurance simply because the jury might find that such evidence bolsters plaintiff's claims that he was terminated because of his age and disability.

For the foregoing reasons, plaintiff respectfully requests that the Court deny defendants' motion in limine. Plaintiff should be allowed to introduce evidence that defendant SSAT is self-insured with respect to health insurance to support his contention that defendant SSAT terminated him because of his age and disability, because defendant SSAT's self-insurance of its health insurance obligations gave defendant SSAT a financial incentive to replaced older and disabled workers with younger and non-disabled workers

Dated: June ____, 2006

LAWLESS & LAWLESS

by ______________________________

Barbara A. Lawless
Sonya L. Smallets
Attorneys for Plaintiff