United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVEN DURAND,

          Plaintiff,

   v.

SSA TERMINALS, LLC, et al.,

          Defendants.

                                       /

No. C 06-4023 SI

**ORDER GRANTING PLAINTIFF'S
MOTION FOR REMAND TO ALAMEDA
COUNTY SUPERIOR COURT**

On July 28, 2006, the Court heard oral argument on plaintiff's motion for remand.  After careful consideration of the arguments of counsel and the parties' papers, the Court hereby GRANTS plaintiff's motion and REMANDS this case to the Superior Court for the County of Alameda.

**BACKGROUND**

Plaintiff Stephen Durand filed this action on February 17, 2004, in the Superior Court for the County of Alameda.  Plaintiff's second amended complaint alleges claims for breach of contract, intentional misrepresentation, discrimination, discharge in violation of public policy, harassment, and intentional infliction of emotional distress.  *See* Lawless Decl., Ex. A.  The second amended complaint does not allege any federal claims.  Plaintiff alleges that his former employer, defendant SSA Terminals, LLC ("SSAT"), discriminated against him on the basis of age and disability, and that SSAT violated his employment contract, when SSAT terminated his employment in February 2003.[1]

---

[1]  Both parties describe at length the factual background of plaintiff's employment claims. Because the merits of plaintiff's employment claims are irrelevant to the question presented by plaintiff's motion to remand, this order does not set forth the factual background.

**United States District Court**

For the Northern District of California

1   The parties litigated the case in state court for several years; plaintiff has submitted, *inter alia*,

2   a March 18, 2005 Order in which Judge Richman of Alameda County Superior Court denied defendant's

3   motion for summary judgment on the majority of plaintiff's claims. *Id.* Ex. D. According to plaintiff,

4   the case was assigned for trial to Judge Stephen Dombrink, and the parties were scheduled to argue

5   motions in limine on June 29, 2006. Lawless Decl. ¶ 5.

6   On June 28, 2006, defendants filed a notice of removal on the ground that plaintiff's claims are

7   preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001

8   *et seq.* Defendants state that they first became aware that plaintiff's claims related to ERISA when

9   plaintiff stated, in opposition to defendant's "motion in limine to preclude reference to, evidence of, or

10  argument regarding self-insurance," that:

11      Plaintiff should be allowed to introduce evidence that defendant SSAT is self-insured
        with respect to health insurance to support his contention that defendant SSAT
12      terminated him because of his age and disability, because defendant SSAT's self-
        insurance of its health insurance obligations gave defendant SSAT a financial incentive
13      to replace[] older and disabled workers with younger and non-disabled workers.

14  Lawless Decl, Ex. G at 4 (Pl's Oppo. to Def's Motion in Limine).

15

16                                    **LEGAL STANDARD**

17  A suit filed in state court may be removed to federal court if the federal court would have had

18  original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561

19  F.2d 787, 789 (9th Cir. 1977). In this action, defendants assert federal question jurisdiction under 28

20  U.S.C. § 1331, based on ERISA preemption.

21  A motion to remand is the proper procedure for challenging removal. Remand to state court may

22  be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See*

23  28 U.S.C. § 1447(c). The Court may remand sua sponte or on motion of a party, and the parties who

24  invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See*

25  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron &*

26  *Steel Co.*, 257 U.S. 92, 97 (1921)); *Salveson v. Western States Bankcard Ass'n*, 525 F. Supp. 566, 571

27  (N.D. Cal. 1981), *aff'd in part, rev'd in part*, 731 F.2d 1423 (9th Cir. 1984). In this case, defendants

28  must meet this burden.

                                          2

**United States District Court**

For the Northern District of California

1    The removal statute is strictly construed against removal jurisdiction and doubt is resolved in

2    favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Existence

3    of federal jurisdiction on removal must be determined on the face of the complaint. *See Louisville &*

4    *Nashville R.R. v. Mottley*, 211 U.S. 149 (1908).  A "cause of action arises under federal law only when

5    the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co v. Taylor*,

6    481 U.S. 58, 63 (1987).  However, the Court may examine the entire record to determine if the real

7    nature of the claim is federal, notwithstanding plaintiff's characterization to the contrary, when the

8    plaintiff has, by "artful pleading," attempted to defeat defendant's right to a federal forum.  *See*

9    *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397  n.2 (1981); *Salveson*, 525 F. Supp. at 572.

10   A complainant cannot "avoid federal jurisdiction simply by omitting from the complaint federal law

11   essential to his claim, or by casting in state law terms a claim that can be made only under federal law."

12   *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 666 (9th Cir. 1985).

13

**DISCUSSION**

15       The issue presented by defendants' removal and plaintiff's motion to remand is whether this

16   Court has subject matter jurisdiction by virtue of ERISA preemption based upon statements contained

17   in plaintiff's opposition to defendant's motion in limine filed in state court.  Defendants contend that

18   plaintiff's opposition to the motion in limine shows that plaintiff asserts that SSAT terminated plaintiff

19   based, at least in part, on a desire to avoid paying benefits.  Thus, defendants argue, plaintiff could have

20   originally filed suit under ERISA, and therefore this Court has subject matter jurisdiction.

21       Plaintiff contends that ERISA does not preempt plaintiff's claims because the gravamen of

22   plaintiff's claims is that SSAT terminated plaintiff based upon his age and disability, and in violation

23   of his employment contract.  Plaintiff states that he has *never* alleged that SSAT terminated him in order

24   to deprive him of ERISA-protected benefits to which he would otherwise have been entitled, and he has

25   submitted the second amended complaint (which does not contain any allegations regarding deprivation

26   of benefits), Lawless Decl., Ex. A, as well as plaintiff's state court briefing on defendant's motion for

27   summary judgment, in which plaintiff made no argument and offered no evidence in support of a

28   contention that defendant SSAT terminated plaintiff in order to deprive him of ERISA-protected

3

**United States District Court**

For the Northern District of California

1    benefits.  *See id.* at Ex. C, E.[2]

2            Citing cases in which courts have held that pension status may be a proxy for age, plaintiff argues

3    that he opposed defendant's state court motion in limine regarding evidence of self-insurance because

4    he wished to introduce such evidence only in support of his age and disability discrimination claims.

5    *See, e.g.*, *Hazen Paper Co. v. Biggins*, 507 U.s. 604, 612-13 (1993) ("Pension status may be a proxy for

6    age, not in the sense that the ADEA makes the two factors equivalent, . . . but in the sense that the

7    employer may suppose a correlation between the two factors and act accordingly."); *Hansard v. Pepsi-*

8    *Cola Metropolitan Bottling Co.*, 865 F.2d 1461, 1466 (5th Cir. 1989) ("Hansard's termination only seven

9    months before his pension benefits were to vest also supports his claim of age discrimination.").

10            Finally, plaintiff also states that he has offered to stipulate that he would not rely upon evidence

11    of defendant SSAT's self-insured status in support of his claims of age and disability discrimination, *see*

12    Lawless Decl., Ex. H, and that plaintiff "now disavows any intention of relying upon evidence of

13    defendant SSAT's self-insured status in support of his claims or age and disability discrimination."  Pl's

14    Motion to Remand at 7:21-24.

15            The Court concludes that ERISA does not preempt plaintiff's claims, and therefore that the

16    removal was improper.  The cases cited by defendants are distinguishable.  In *Felton v. Unisource*

17    *Corporation*, 940 F.2d 503 (9th Cir. 1991), the Ninth Circuit held that the plaintiff's state law wrongful

18    termination and disability discrimination claims were completely preempted by ERISA.  Significantly,

19    the court noted that the plaintiff testified at his deposition that his claims arose out of Unisource's desire

20    to avoid medical insurance payments, and that the plaintiff had never offered any other theories in

21    support of the claims.  *Id.* at 507.  "While the Feltons' complaint did not state a cause of action under

22    ERISA on its face, Don Felton's deposition testimony explained the factual basis for the complaint and

23    made it apparent that the action falls into the complete preemption area of ERISA . . . ."  *Id.* at 507-08.

24    *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124 (9th Cir. 1992), is similarly inapposite because the

25

26            [2] In opposition to defendant's motion for summary judgment, plaintiff submitted evidence that
       at the time of his termination, he was 56 years old and a diabetic, that he was qualified to perform his
27     job, and that after he was terminated, younger, less qualified, non-disabled workers were retained and
       brought in to perform his job duties.  *See* Lawless Decl., Ex. C (Declaration of Stephen L. Durand in
28     Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment and/or Summary
       Adjudication of Issues).

United States District Court

For the Northern District of California

1  complaint specifically alleged that the defendants terminated the plaintiff with the intent of depriving

2  him of his rights under a group insurance contract.  *Id.* at 1127-28.

3  Here, in contrast, plaintiff's case has been litigated for over two years in state court, including

4  through a round of summary judgment briefing, and plaintiff has never contended that the factual basis

5  for his claims was defendant's alleged desire to avoid making benefit payments.  The Court finds the

6  instant case is more analogous to *Karambelas v. Hughes Aircraft Company*, 992 F.2d 971 (9th Cir.

7  1993).  In *Karambelas*, the plaintiff was an in-house lawyer who filed suit in state court alleging

8  wrongful termination and that he had been made the scapegoat for another attorney's mistake.  At the

9  plaintiff's deposition, he stated that one of the defendant's motivations in terminating him was to avoid

10 the vesting of plaintiff's pension rights.  Based upon that deposition testimony, the defendant removed

11 the case on ERISA preemption grounds.  After dismissal of the case by the district court, the Ninth

12 Circuit reversed and remanded with instructions to remand the case to state court.  The court held that

13 there was no federal subject matter jurisdiction because, "the heart and soul of the complaint is

14 Karambelas' outrage at the fact that he was made a scapegoat . . . . [h]is complaint does not mention that

15 he was terminated just before his retirement benefits vested . . . ."  *Id.* at 974.  The court noted that

16 although the plaintiff might be able to claim an ERISA violation, the plaintiff had not done so, and

17 indeed had informed the court that he could not allege such a claim.  With respect to the plaintiff's

18 deposition testimony, the Ninth Circuit distinguished the case from *Felton*, and noted that unlike *Felton*,

19 the plaintiff in *Karambelas* had asserted a completely independent reason for his termination – the

20 scapegoating.  *Id.*

21 As in *Karambelas*, and unlike *Felton*, plaintiff has asserted wholly independent reasons for his

22 termination separate from any ERISA-based theory.  Moreover, plaintiff's case was litigated for over

23 two years until the eve of trial on these other theories, and plaintiff has never alleged that defendant

24 terminated him in order to deprive him of ERISA-protected benefits.  Accordingly, the Court concludes

25 that there is no basis for federal jurisdiction over plaintiff's claims.  *See id.* at 975; *see also Campbell

26 v. Aerospace Corporation*, 123 F.3d 1308 (9th Cir. 1997) (per curiam).

27

28 **CONCLUSION**

5

**United States District Court**

**For the Northern District of California**

1    For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's

2    motion for remand and REMANDS this case to the Superior Court for the County of Alameda. (Docket

3    No. 8). Defendants' objection to the Reply Declaration of Barbara Lawless is OVERRULED. (Docket

4    No. 25).

5    **IT IS SO ORDERED.**

6

7    Dated: July 28, 2006

8    _____
     SUSAN ILLSTON
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28